No. 8096.

STATE OF LOUISIANA VS. FRED HOBBS.

An Indictment for murder is not defective because it does not state the time at which the deceased died, when it states the day on which the wound was inflicted, which caused the death of said deceased. The averment is sufficient even if a number of days elapsed between the infliction of the wound and the death.

APPEAL from the Twenty-Second Judicial District Court, parish of St. James.  *Cheevers, J.*

J. C. Egan, Attorney General, for the State, Appellee.

Sims & Poché for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. The accused appeals from a verdict of murder without capital punishment, and assigns as errors the following grounds:

First. That the indictment for murder is defective, because it does not set forth the time at which deceased died, the coroner's inquest showing that he died more than forty days after the infliction of the alleged fatal wounds.

We find that the indictment charges that the murder was committed on the 27th of March, 1880; and under such an averment it was competent for the State to prove the time at which the fatal blow or wound was inficted, and at what time, in consequence of such blow or wound, the deceased died.

The essence of the crime of murder is the infliction of the wound from which death ensues, and an averment that the crime was committed at the date at which the deed was performed, or the blow or wound inflicted, is a proper averment of the time of the murder, even though several or many days may elapse before death ensues from the deed. R. S., 1063; 31 An. 146.

But even if the indictment had been defective in the respect complained of, the accused could not have urged that error by means of an assignment of errors, as done in this case. The fact that death followed the infliction of the wounds more than forty days later, is a question of fact elicited during the trial, and could not be considered by us unless embodied in a bill of exception showing that such fact was closely blended with a question of law invalid in the trial of the cause. State vs. Nelson, 32 An. 842.

Second. The accused complains that no counsel was assigned to him for his defense. But the record shows that when arraigned, the accused was asked if he had counsel, to which he answered that he would secure the services of an attorney; and the record shows that he did employ, and that at every stage of his trial he was represented and defended by the zealous counsel who appear in his behalf on this appeal, but who have, however, failed to favor us with a brief in support of their numerous alleged grounds of error.

The accused also urges as additional irregularities, that the record fails to show the following essential requisites to a legal trial: That he was present, when his case was fixed for trial, when the verdict of the jury was returned into court; that his counsel were present when he was sentenced; and, finally, that the record does not show what disposition, if any, was made of a motion for a new trial filed by the accused.

The record shows that since the foregoing assignment of errors was presented and filed in this Court, in answer to a writ of certiorari, issued at the instance of the State, the clerk of the lower court has sent a supplemental transcript showing affirmatively, by extracts from the minutes of the court, that the accused was present at every stage

of his trial, and that his counsel were at his side when he was sentenced; and that his motion for a new trial was argued and overruled by the court, and that, therefore, all these grounds of complaint are not sustained by the record.

There is no error in the judgment of the lower court, and it is, therefore, affirmed with costs.