## JAEHNE *v.* NEW YORK.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 1409. Argued October 29, 1888. — Decided November 12, 1888.

A general law for the punishment of offences which endeavors by retroactive operation to reach acts before committed, and also provides a like punishment for the same acts in future, is void so far as it is retrospective, and valid as to future cases within the legislative control.

THIS was a petition for a writ of *habeas corpus,* and for a writ of *certiorari.* The alleged grounds for the issue of the writ are stated in the opinion of the court. The writ was denied and the petitioner took this appeal.

Mr. *Roger M. Sherman,* for appellant, cited *Calder* v. *Bull,* 3 Dall. 386; *Ex parte Garland,* 4 Wall. 333; *Windsor* v. *McVeigh,* 93 U. S. 274; *Tweed* v. *Liscomb,* 60 N. Y. 559; *Butts* v. *Muscatine,* 8 Wall. 575; *Williams* v. *Bruffy,* 96 U. S. 176; *Allen* v. *Louisiana,* 103 U. S. 80; *Wright* v. *Nagle,* 101 U. S. 791; *Ohio Life & Trust Co.* v. *Debolt,* 16 How. 416; *Douglass* v. *Pike County,* 101 U. S. 677; *Louisville & Nashville Railroad* v. *Palmes,* 109 U. S. 244; *Grenada County* v. *Brogden,* 112 U. S. 261; *Rice* v. *Railroad Co.,* 1 Black, 358; *Delmas* v. *Insurance Co.,* 14 Wall. 661; *Burgess* v. *Seligman,* 107 U. S. 20; *Pease* v. *Peck,* 18 How. 595; *Williams* v. *Oliver,* 12 How. 125; *Klinger* v. *Missouri,* 13 Wall. 257; *Ogden* v. *Saunders,* 12 Wheat. 213, 270; *Chew Heong* v. *United States,* 112 U. S. 536; *People* v. *Quigg,* 59 N. Y. 83; *In re Delaware & Hudson*

*Canal Co.*, 69 N. Y. 209; *Village v. Howell*, 70 N. Y. 284; *In re Evergreens*, 47 N. Y. 216; *In re Goddard*, 94 N. Y. 544; *People v. Catholic Protectory*, 38 Hun, 127; *S. C.* 101 N. Y. 195; *United States v. Claflin*, 97 U. S. 546; *State v. Mayor*, 33 N. J. Law (3 Vroom) 61; *State v. Brannin*, 24 N. J. Law (3 Zabr.) 484; *People v. Quigg*, 59 N. Y. 88; *People ex rel. McDonald v. Keeler*, 99 N. Y. 474; *McKenna v. Edmundstone*, 91 N. Y. 231; *Wynehamer v. People*, 13 N. Y. 441; *Warren v. Mayor*, 2 Gray, 97; *Hale v. Commissioners*, 5 Ohio St. 506; *Campau v. Detroit*, 14 Mich. 275; *Virginia Coupon Cases*, 114 U. S. 269; *Trade Mark Cases*, 100 U. S. 82.

*Mr. McKenzie Semple* for appellees. *Mr. John R. Fellows* was with him on the brief.

Mr. Chief Justice Fuller delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of the United States for the Southern District of New York denying appellant's petition for the writs of *habeas corpus* and *certiorari*.

The petition alleges that petitioner was convicted in the Court of Oyer and Terminer of the city and county of New York, in May, 1886, of the crime of bribery, committed as a member of the common council of the city of New York, and was sentenced, May 20th, 1886, to be imprisoned in the state prison for the term of nine years and ten months, and entered upon such imprisonment May 21st; that "the only authority of law for said sentence upon said conviction is a statute of the State of New York, passed July 1, 1882, and known as the 'Consolidation Act,' and especially the 2143d section thereof, by force of which the 'Penal Code,' otherwise inapplicable, is made to apply to said offence, and thereby the offence is made punishable, although committed before the 'Consolidation Act' took effect, as well as when committed after, indifferently and indistinguishably, by a maximum imprisonment of ten years in

state prison; whereas, before that act took effect, said offence was punishable by a maximum imprisonment in the penitentiary of two years;" that said law is *ex post facto ;* and that petitioner, having served the full term of imprisonment which could lawfully be imposed, is entitled to be discharged.

The Penal Code of the State of New York took effect as a law December 1st, 1882, and, under its 72d section,[1] the maximum punishment for the crime of bribery committed by any person who executes any of the functions of a public office was fixed at ten years imprisonment, or $5000 fine, or both.

The City Consolidation Act was passed July 1, 1882 to take effect March 1, 1883, and by § 2143[2] it was provided that the Penal Code should have the same effect as if passed after "this act."

By § 100 of the New York charter[3] of 1873, (c. 335, Laws

---

[1] Section 72 of the Penal Code reads as follows: " A judicial officer, a person who executes any of the functions of a public office not designated in Titles six and seven of this Code, or a person employed by or acting for the State, or for any public officer in the business of the State, who asks, receives, or agrees to receive a bribe, or any money, property, or value of any kind, or any promise or agreement therefor, upon any agreement or understanding that his vote, opinion, judgment, action, decision, or other official proceeding shall be influenced thereby, or that he will do or omit any act or proceeding, or in any way neglect or violate any official duty, is punishable by imprisonment for not more than ten years or by a fine of not more than five thousand dollars or both. A conviction also forfeits any office held by the offender and forever disqualifies him from holding any public office under the State."

[2] Section 2143 of the Consolidation Act provides as follows: "For the purpose of determining the effect of this act upon other acts, except the Penal Code, and the effect of other acts, except the Penal Code, upon this act, this act is deemed to have been enacted on the first day of January in the year eighteen hundred and eighty-two; all acts passed after such date and the Penal Code are to have the same effect as if they were passed after this act. This act shall take effect on the first day of March, eighteen hundred and eighty-three. This act may be cited as the New York City Consolidation Act of Eighteen Hundred and Eighty-two."

[3] " Section 100. Every person who shall promise, offer or give, or cause, or aid, or abet in causing to be promised, offered, or given, or furnish, or agree to furnish, in whole or in part, to any other person, to be promised, offered, or given to any member of the common council, or any officer of the corporation, or clerk, after his election or appointment as such officer, member or

1873,) the crime of bribery committed by a member of the common council subjected him upon conviction to imprisonment not exceeding two years, or fine, or both.

By § 58 of the Consolidation Act this § 100 of the act of 1873 was re-enacted.

By § 725 of the Penal Code [1] " all acts incorporating municipal corporations, and acts amending acts of incorporation or charters of such corporation," were, *inter alia*, declared not to be affected by it, and recognized as continuing in force,

---

clerk, or before or after he shall have qualified and taken his seat, or entered upon his duty, any moneys, goods, right in action, or other property, or anything of value, or any pecuniary advantage, present or prospective, with intent to influence his vote, opinion, judgment or action on any question, matter, cause or proceedings which may be then pending, or may by law be at any time brought before him in his official or clerical capacity shall be deemed guilty of a felony, and shall, upon conviction be imprisoned in a penitentiary for a term not exceeding two years, or shall be fined not exceeding five thousand dollars or both, in the discretion of the court.

" Every officer in this section enumerated, who shall accept any such gift or promise, or undertaking to make the same under any agreement or understanding that his vote, opinion, judgment or action, shall be influenced thereby, or shall be given in any question, matter, cause, or proceeding then, or at any time pending, or which may by law be brought before him in his official capacity, shall be deemed guilty of a felony, and shall upon conviction be disqualified from holding any public office, trust or appointment under the city of New York, and shall forfeit his office, and shall be punished by imprisonment in the penitentiary not exceeding two years, or by a fine not exceeding five thousand dollars or both, in the discretion of the court.

[1] " Section 725. Nothing in this Code affects any of the provisions of the following statutes: but such statutes are recognized as continuing in force, notwithstanding the provisions of this Code ; except so far as they have been repealed or affected by subsequent laws :

" 1. All acts incorporating municipal corporations, and acts amending acts of incorporation or charters of such corporation, or providing for the election or appointment of officers therein, or defining the powers or duties of such officers.

" 2. All acts relating to emigrants, or other passengers in vessels coming from foreign countries, except as provided in Section 626 of this Code.

" 3. All acts for the punishment of intoxication or the suppression of intemperance, or regulating the sale or disposition of intoxicating or spirituous liquors.

" 4. All acts defining and providing for the punishment of offences, and not defined and made punishable by this Code."

notwithstanding the Code, except so far as repealed by subsequent laws.

It is claimed that § 100 of the act of 1873 was not repealed by the Penal Code, but was excepted from its operation by § 725, and continued in force for the four months between December 1st, 1882, when the Penal Code went into operation, and March 1st, 1883, when the Consolidation Act took effect, and that § 58 of the latter act then replaced it, and was not superseded by § 72 of the Penal Code, under § 2143 of the Consolidation Act, but kept in force by § 725 of the Penal Code. Or, in other words, it is argued that § 100, being a section of the city charter, was saved from repeal by the Penal Code by § 725 of the latter, and was not repealed until by the subsequent law known as the City Consolidation Act, which took effect March 1, 1883, and was even then continued in force as § 58 of the Consolidation Act, which is identical with said § 100; and that at all events the measure of punishment from December 1st, 1882, to March 1st, 1883, is that prescribed by § 100 of the old charter and repeated in § 58 of the new.

And it is insisted that § 72 of the Penal Code, with the force and effect given it by § 2143 of the Consolidation Act, under the decisions of the New York Court of Appeals, is *ex post facto*, and therefore void, in that thereby the maximum punishment by imprisonment of the crime of bribery committed before as well as after the Consolidation Act went into effect was changed from two to ten years.

In *The People* v. *O'Neill*, 109 N. Y. 251, 261, and *People* v. *Jaehne*, 103 N. Y. 182, it was held by the Court of Appeals that § 100 of chapter 335 of the Act of 1873 was not within the saving clause of § 725 of the Penal Code, but on the contrary, was repealed by that Code as soon as it went into operation, December 1st, 1882, and that § 58 of the Consolidation Act, which is but a transcript of said § 100, was not kept in force by said § 725, and was superseded by § 72 of the Penal Code, which latter section was prospective merely, and could only operate upon the crime of bribery committed by a member of the common coun-

cil after the Penal Code took effect. Accepting the conclusions of the highest court of the State of New York as to the operation of the acts in question in substituting, under § 72, a longer term of imprisonment for that which had theretofore existed, it is clear that § 72 governed future cases only; but, even if taken in connection with all the other statutory provisions referred to, it could be construed as *also* retroactive, as it was admitted upon the argument that the crime, upon conviction of which the petitioner was sentenced to the imprisonment he is now undergoing, was charged to have been committed in 1884, long after the Penal Code and the Consolidation Act went into effect, we perceive no reason for the discharge of the prisoner upon the ground that § 72 might be held invalid in respect to a crime committed between December 1st, 1882, and April 1st, 1883, if drawn in question in a proper case. The rule upon this subject, which we consider applicable, is that " a legislative act may be entirely valid as to some classes of cases and clearly void as to others. A general law for the punishment of offences, which should endeavor to reach by its retroactive operation acts before committed, as well as to prescribe a rule of conduct for the citizen in future, would be void so far as it was retrospective; but such invalidity would not affect the operation of the law in regard to the cases which were within the legislative control." Cooley, Const. Lim., 5th ed., 215.

The order of the Circuit Court refusing the writs was right, and it is

*Affirmed.*