(24 Misc. Rep. 549.)

## PEOPLE v. WILLIS.

(Supreme Court, Special Term, Kings County. September, 1898.)

1. BRIBERY—INDICTMENT—SUFFICIENCY—DUPLICITY.

Under Pen. Code, § 72 (providing that any officer who "asks," receives, or "agrees" to receive a bribe, "or any promise or agreement" therefor, on an understanding that his official action will be thereby influenced, shall be punishable for bribery), an indictment alleging that accused was commissioner of city works, and had on a certain day unlawfully and feloniously agreed to employ a person to do certain public work if such person would cease to dispute a claim made by accused's firm, and would give notes therefor, and that the contract was so arranged as to make the first payments for the work precede the maturity of the notes, and that accused did so employ a person agreed on, who was paid out of the city fund, and the said notes were then paid, is a sufficient statement of the acts constituting the offense.

2. SAME—DEFENSES.

It is no defense to a prosecution for bribery under Pen. Code, § 72 (providing that any officer who asks, receives, or agrees to receive a bribe, or any promise or agreement therefor, on the understanding that his official action will be thereby influenced, shall be punishable for bribery), that notes which accused received were void because of the illegality of the transaction.

3. SAME—INDICTMENT—DUPLICITY.

An indictment for bribery alleging that accused corruptly agreed to employ the bribe-giver to do certain city work, and did employ a person in the latter's interest to do work, without advertisement for proposals, and without competition, is not double, as also charging a willful neglect of a public duty, since there is no allegation of a duty which was neglected, nor that an advertisement for proposals and competition was requisite.

Theodore B. Willis was indicted for bribery, and demurred. Disallowed.

Josiah T. Marean, Dist. Atty., for the People.

Nicoll, Anable & Lindsay (Benjamin F. Tracy, Albert E. Lamb, De Lancey Nicoll, and John D. Lindsay, of counsel), for defendant.

HIRSCHBERG, J. The defendant demurs to an indictment for bribery on the ground (1) that it does not contain a plain and concise statement of the act constituting the crime, and in the form prescribed by the Code of Criminal Procedure; (2) that more than one crime is

charged; and (3) that the facts stated in the indictment do not constitute a crime.

The indictment in substance charges that the defendant, on July 14, 1897, was commissioner of city works of the city of Brooklyn, and, as such, had power to employ some one to do certain grading, filling, paving, and repaving on New Utrecht avenue, in said city; that on that day he unlawfully and feloniously agreed with one Daniel Doody to employ the latter, or some one in his interest, to do said grading, filling, paving, and repaving, if Doody would cease to dispute a claim then asserted against him by a firm of which Willis was a member, and would give his promissory notes in settlement of such claim; that, as a part of the same corrupt agreement, it was further agreed that the terms of the contract would be so arranged by the defendant that the first payment under it should precede the date of the maturity of the notes; that Doody did give such notes to the defendant on said day, and the defendant thereafter, in pursuance of the agreement, did employ one Daniel F. Doody, in said Daniel Doody's interest, to do the work referred to, which work was paid for by the city of Brooklyn, the first payment being made on September 10, 1897; and that thereafter the notes were paid.

The indictment contains a sufficient statement of the act constituting the offense. By section 72 of the Penal Code it is provided that any officer therein referred to who asks, receives, or agrees to receive a bribe, or any money, property, or value of any kind, or any promise or agreement therefor, upon an understanding that his official action will be influenced thereby, is punishable for bribery. The defendant is within the description of the public officers affected. People v. Jaehne, 103 N. Y. 182, 8 N. E. 374. The statute in terms includes a promise to pay, and such promise, whether verbal or written, is equally within the prohibition of the law. The fact that the notes were void because of the corrupt agreement under which they were given cannot avail the defendant. Public policy forbids the enforcement of a promise to pay a bribe, but no court has ever held that one exacting such a promise is therefore relieved of the penal consequences. Besides, as has been seen, the notes in question were paid at maturity.

The case relied on by the defendant's counsel is that of State v. Walls, 54 Ind. 561, in which it was held that a future illegal promise could not be considered as having any real value, and that the acceptance of a promissory note was not the taking of a bribe. The case is not in point. The statute under which the defendant there was prosecuted was aimed only at any officer who should "take any money, gift, property or undue reward, to influence his behavior," etc. The statute did not provide for bribery by means of a promise or offer to give something of value, but only by means of actual giving. The distinction is manifested by the same court in State v. McDonald, 106 Ind. 233, 6 N. E. 607, where it was held that the thing offered as a bribe need not be of any intrinsic value, provided it is proven to be of value to the person to whom it is given or offered; and an offer to a school trustee to give him, on condition that he would purchase certain articles for the use of the schools at an agreed price, a receipt for a larger sum, to be used by him as a voucher in settling his accounts, the dif-

ference to be appropriated by him, is as much an offer of a bribe as if
the trustee had been offered the difference in cash in case he would
make the contract.

I do not find two crimes charged in the indictment. The crime
was complete when the corrupt agreement was consummated, and
the allegations of the subsequent acts of the defendant in employ-
ing Daniel F. Doody were unnecessary. The defendant claims that
they present another offense in addition to the crime of bribery,
viz. the willful neglect or omission of duty on the part of a public
officer. But the indictment does not set forth any duty whatever
devolving on the defendant as a public officer which he is charged
with willfully neglecting or omitting to perform. The indictment
does, indeed, charge that Daniel F. Doody was employed without any
advertisement for proposals, and without bona fide competition; but
it is not stated that such advertisement and competition are required
by law, or that the duty of advertising and securing competition de-
volved upon the defendant. Regarded as a charge of willful neglect
of duty, the indictment would therefore be defective. In order to
render an indictment bad for duplicity where a second charge is de-
fectively presented, it must be clear that it was intended to set out
more than one offense; otherwise, the additional matter will be re-
jected as surplusage. Lohman v. People, 1 N. Y. 379; Dawson v.
People, 25 N. Y. 399; Polinsky v. People, 73 N. Y. 65; People v.
Laurence, 137 N. Y. 517, 33 N. E. 547.

The demurrer is accordingly disallowed, with leave, however, to the
defendant, at his election, to plead to the indictment. Ordered ac-
cordingly.