KIMBALL et al. v. CITY OF CEDAR RAPIDS et al.

(Circuit Court, N. D. Iowa, Cedar Rapids Division. April 16, 1900.)

1. MUNICIPAL CORPORATIONS—CONTRACTS—EFFECT OF ILLEGAL PROVISION.

The fact that a city, in a contract made with a water company for supplying water to the city and its inhabitants for a term of years, and fixing the rates to be charged and paid therefor, exceeded its powers by attempting to confer upon the water company an exclusive right to so furnish water, does not affect the validity of the other provisions of the contract, which are in no way dependent upon such illegal provision, and may be enforced, although that is rejected.

2. SAME—ACTION—INJUNCTION.

During the life of a contract between a city and a water company, by which the latter agreed to supply water to the city and its inhabitants at fixed rates for a term of years, the city adopted an ordinance reducing the rates to be charged by the company. In a suit by a stockholder of the company, based on the contract, and also on allegations that the rates fixed by the ordinance were so low as to deprive complainant's stock of any earning ability, and to amount to a taking of his property without compensation, the court granted a preliminary injunction restraining the enforcement of the ordinance until final hearing. Before such hearing the contract between the city and company expired. Held, that such fact did not deprive the court of jurisdiction to proceed with the suit, or require it to dissolve the injunction, but that such injunction would not operate to extend the life of the contract, or affect the right of the city to deal with the situation presented by its expiration by entering into any other contracts, or taking such other legislative measures as it might deem expedient to secure a water supply for the future.

In Equity. On demurrer to amended bill.

Charles A. Clark & Son, for complainants.

John N. Hughes, Jameson & Smyth, Smith & Smith, and Rickel & Crocker, for defendants.

SHIRAS, District Judge. The bill in this case was filed January 11, 1900, and it was therein averred that there was in existence a contract between the city of Cedar Rapids and the Cedar Rapids Water Company, which established the rates to be charged by and paid to the water company for the water supplied by it to the city for public uses and to the residents of the city for private use; this contract being in the form of an ordinance adopted by the city council under date of February 19, 1875, and accepted by the water company, and which in terms granted to the water company, its successors and assigns, the exclusive privilege for 25 years, and an equal right thereafter with all others, of supplying the city of Cedar Rapids with water, to be taken from the Cedar river at such points as will best suit the objects and purposes of the company to which the franchise is granted; it being further charged in the bill that the city council of Cedar Rapids, on the 5th day of January, 1900, had passed an ordinance seeking to fix the rates to be thereafter charged by the water company for the water furnished by it, which ordinance was violative of the contract existing between the city and the water company as evidenced by the ordinance of February 19, 1875, and the supplementary agreements entered into by the

parties, the same being still in force; it being also averred that the rates sought to be fixed by the ordinance in question were unjust and inadequate, being so low that the revenue created thereby would not be sufficient to pay a dividend to the stockholders of the water company, after providing for the necessary expenses and the interest upon the bonded debt of the company. Based upon this bill, an application for the issuance of a temporary injunction was made, heard, and allowed upon the grounds stated in the opinion of the court now on file. The case now comes before the court upon a demurrer to the bill, and upon the argument thereof several questions of interest have been discussed at length, which the court, however, upon the record now before it, cannot undertake to decide. Thus it is claimed that the city had not the right to grant to the water company an exclusive right to furnish water to the city and its inhabitants, as was attempted by the ordinance of February 19, 1875, and that the act of the legislature of Iowa approved March 8, 1876, legalizing the ordinance in question, is invalid and void on the ground that it is special legislation, within the inhibition of section 30, art. 3, of the constitution of Iowa, which forbids the general assembly from passing special laws upon the subject of the incorporation of cities and towns. Even if it be true that the city had not the right to confer an exclusive right upon the water company to furnish water to the city, it would not follow that there did not exist contractual rights between the city and the water company during the 25 years beginning with February 19, 1875. The city had the right to contract with the water company with reference to the water supply of the city, and, if it exceeded its authority in attempting to confer an exclusive monopoly upon the company, that fact would not nullify the other portions of the contract evidenced by the ordinance. The case would be within the rule that the invalid part of the ordinance may be rejected without affecting the validity of the portion which was within the power of the city to grant, as it is clear that the grant of the exclusive privilege can be rejected without affecting the meaning and force of the ordinance in other particulars. Huntington v. Worthen, 120 U. S. 97, 7 Sup. Ct. 469, 30 L. Ed. 588; Jaehne v. New York, 128 U. S. 189, 9 Sup. Ct. 70, 32 L. Ed. 398.

The questions at issue between the parties hereto have no connection with the grant of an exclusive monopoly to the water company, and that question, therefore, does not demand consideration at the present time. The temporary injunction was granted upon the holding that the averments of the bill showed that there was in existence between the city and the water company a contract regulating the rates to be charged by the company for a period of 25 years from February 19, 1875; that this period had not expired when the city council undertook to violate the terms of the contract by adopting an ordinance reducing the rates, and otherwise modifying the provisions of the contract, the injunction being intended to prevent the putting in force of this ordinance until the question of the right of the city to adopt it had been fully heard and decided. Since the granting of the order for the issuance of a temporary injunction,

the 25-year period provided for in the ordinance of February 19, 1875, has expired, but this fact does not deprive the complainants of the right to invoke the judgment of the court for the protection of their rights during the period the ordinance was in force, and the court is not required to dissolve the injunction, or to dismiss the suit, simply because the limit of the express contract evidenced by the ordinance has been reached. It is settled by the decision of the supreme court in City Ry. Co. v. Citizens' St. R. Co., 166 U. S. 557, 17 Sup. Ct. 653, 41 L. Ed. 1114, that the jurisdiction of the court, if it existed when the bill was filed, would not be impaired because the 25-year period had reached its termination since the bringing of the suit. The complainants may yet be entitled to protection to the rights that accrued to them during the life of the contract, and for that purpose they are entitled to be finally heard in the case, and the bill, as a whole, cannot, therefore, be successfully attacked by demurrer. While this is true, the position taken by the defendants in support of the special points of demurrer interposed to portions of the bill is well taken. The contract created by the adoption by the city and the acceptance by the water company of the ordinance of February 19, 1875, being limited to the term of 25 years, has no binding force upon the parties for the future. The water company cannot be compelled to furnish water under its terms, nor can the city be compelled to pay the rates therein fixed. The field is open between the parties for entering into a new contract, if it is deemed advisable so to do. There are provisions in the contract or ordinance with respect to the purchase by the city of the plant of the company, which the mere lapse of the 25-year period has not abrogated, but with respect to the furnishing and paying for the water used in the future the contract is at an end. It was not intended, in granting the temporary injunction, to restrain the exercise of the legislative power of the city council, and the refusal to now dissolve the injunction must not be construed to mean that the court is seeking to prevent the council from acting in a legislative capacity upon the questions which are presented by the present condition of affairs between the city and the water company. The injunction does restrain the city authorities from putting in force the ordinance adopted January 5, 1900, on the ground that it was attempted thereby to abrogate the contract then existing between the parties, but which is now at an end by reason of the lapse of time. Its termination, however, by limitation of time, leaves it in full force for the purpose of ascertaining the mutual rights of the parties accruing during its existence. The situation seems to be this: The water company is the owner of a plant for supplying water to the city of Cedar Rapids. The city and its inhabitants are interested in securing a sufficient supply of water fit for use. The city cannot compel the company to furnish water at rates so low as to be unremunerative, and it has the right to contract for a sufficient supply of water fit for use, and not injurious to health; and in procuring this supply the city is not restricted to contracting with the present company. The situation is one which requires the parties to agree upon terms, if they are to deal with each other in the future,

and it calls for the exercise of sound business judgment, and for the recognition of the mutual rights and interests of the parties.

It is not perceived that there is any legal question presented by the demurrer beyond those already referred to, and none of which are in form for final adjudication. The demurrer must, therefore, be overruled, although it must not be understood that in so doing the court is assuming the right to control the legislative power of the city council, now that the 25-year contract between the city and the water company has reached its limit.