[1] The State is appealing from a judgment sustaining defendants' motion to quash the indictment brought against them for "negligent homicide" under Article 32 of the Louisiana Criminal Code.
[2] The prosecution admits that this appeal presents fundamentally but one issue — "At what time was the crime committed?"
[3] The State contends that the date of the consequences of the criminal act is the date that the crime was committed. The defendants argue that the date of the commission of the criminal act is the date of the crime. The trial judge maintained the defendants' position and quashed the indictment.
[4] The record discloses that on February 19, 1946 there was a violent explosion in the St. Bernard Housing Project and several persons were killed. The negligent omission of a duty was charged against the defendants, contractors, in that they failed to encase with concrete the gas pipes under the structure, according to the specifications, and that by reason of such failure there was gas leakage and seepage, and the consequent accumulation of gas under the structure caused the explosion and deaths.
[5] As stated by appellant in its answer to a bill of particulars, the negligent act with which defendants are charged was committed between July 18, 1940 and May 6, 1942. Article 32 of the Louisiana Criminal Code relating to "negligent homicide" under which the prosecution was brought became effective as a law of the State on July 29, 1942, three months after the act of negligence was committed. For this reason, defendants aver that this law as applied to them is retrospective and ex post facto, and deprives them of their liberty, without due process of law, in violation of both the State and Federal Constitutions.
[6] If the date of the consequences of the criminal negligence could be fixed as the date of the crime, the defendants have no case, but, on the other hand, if the date of the criminal act of negligence is the date of the crime, the limitation imposed on the State and the Legislature as to retrospective and ex post facto laws must be given full effect. The Federal Constitution directs that no State shall pass an ex post facto law. Art. 1, § 10. The State Constitution, Article 4, Section 15 of 1921, is a direction to the Legislature not to pass an ex post facto law.
[7] "Ex post facto" is a term used long before the Revolution. It was the cause of a long and heated debate when the Constitution of the United States was adopted. It has now acquired an appropriate meaning: "`Ex post facto is a term used in the law, signifying something done after, or arising from or to affect, another thing that was committed before.' `An ex post facto law is one which operates upon a subject not liable to it at the time the law was made.'" Kring v. Missouri, 107 U.S. 221,2 S.Ct. 443, 448, 27 L.Ed. 221, 251.
[8] One of the authoritative tests of the application of an ex post facto law is where we have a statute enacted subsequent to the commission of the crime. If the new statute alters the situation of the accused to his disadvantage, it is ex post facto. 11 Am.Jur. Par. 348.
[9] Before the adoption of Article 32 of the new Code, the old law covered crimes of "murder" and "manslaughter". Under Article 32 of the new Code, there is the comment that a conviction is easier to obtain under "negligent homicide" than under the old crime of "manslaughter". If this is true, certainly it is a factor to the disadvantage of the accused.
[10] In the title of Act No. 43 of 1942, there is the provision that "* * * this Code shall not apply to any crimes committed before it becomes effective * * *", and the framers of the Code, in Article 142 stated: "This Code shall not apply to any crimes committed before it becomes effective. Crimes committed before that time shall be governed by the law existing at the time the crime was committed." In the comments under this latter article, we find: "The Code could not constitutionally apply to any crimes committed before that time". Art. IV, Sec. 15, Const. of La. 1921.
[11] A general rule of law for the punishment of offenses which endeavors to reach by its retrospective operation acts previously committed as well as to prescribe rules of conduct for situations in the future is void in so far as it is retrospective butsuch invalidity will not affect its operation in the future. Jaehne v. New York, 128 U.S. 189, 9 S.Ct. 70, 32 L.Ed. 398; Cooley, Const.Lim., 5th Ed., 215. This general rule is applicable in the instant case.
[12] On the fundamental issue as to the time when the crime was committed, our own Court has spoken with authority for in the cases of State v. Wallman, 31 La. Ann. 146 and State v. Hobbs, 33 La.Ann. 226, it declared that the crime is committed on the date on which the deed, the original act, is performed, and not on the date of the victim's death.
[13] The judgment appealed from is affirmed.
[14] HAWTHORNE and McCALEB, JJ., dissent from a refusal of a rehearing.
[15] HAMITER, J., does not take part.