[17] The criminal negligence alleged on the part of these defendants consisted of an omission of a duty which they were charged to perform. It is my opinion that this alleged omission continued up to the explosion, which allegedly was caused by this omission, and which occurred on February 19, 1946, killing several persons, and that this date constitutes and is the date of the offense — all as charged in the indictment. Article 32 of the Criminal Code, which defines negligent homicide and provides punishment therefor, was in full force and effect on February 19, and was not a retrospective or an ex post facto law insofar as these defendants were concerned, since the criminal negligence continued, and the killing occurred, long after its effective date.
[18] I respectfully dissent.
[19] McCALEB, Justice (dissenting).
[20] This case presents for decision the single question whether Article 32 of the Criminal Code (defining the crime of negligent homicide) is an ex post facto law as to the defendants because the criminal negligence which allegedly resulted in the homicides occurred prior to the enactment of the Criminal Code, Act 43 of 1942.
[21] I have no difficulty whatever in resolving that the law is not ex post facto. As I see it, the occurrence of the criminal negligence prior to its passage has but little bearing upon whether the law is ex post facto, as that negligence constituted only one of the elements of the offense. Obviously, since the crime could not be perpetrated unless there was a killing of a human being,[1] the offense was committed when the killing took place.
[22] The State is not attempting to punish defendants for their negligent act in failing to encase with concrete the gas pipes under the building; they are being prosecuted for the killing which subsequently resulted from the negligent act.
[23] In Samuels v. McCurdy, 267 U.S. 188, 45 S.Ct. 264, 265,69 L.Ed. 568, 37 L.R.A. 1378, the Court had for decision whether a Georgia statute, making it unlawful to possess intoxicating liquors, which, previous to its enactment, had been lawfully acquired by the petitioner for consumption as a beverage in his home, was an ex post facto law. In holding that it was not, it was declared: "* * * It does not fix a penalty for the owner for having become possessed of the liquor. The penalty it imposes is for continuing to possess the liquor after the enactment of the law."
[24] Thus, in the instant case, the penalty is not fixed for defendants' negligent failure to encase the gas pipes according to specifications; it is imposed because the continuance of this omission of duty allegedly resulted in the killing of human beings. Albeit, defendants' negligence, although criminal, Article 12, Criminal Code, was not indictable unless it produced a criminal consequence, Articles 8 and 9 Criminal Code, and it was not until the happening of that consequence, i. e., negligent killings, that the crime was committed.
[25] The cases of State v. Wallman, 31 La. Ann. 146 and State v. Hobbs, 33 La.Ann. 226, are not, in my view, authority for the conclusion that the crime herein charged was committed at the time the defendants allegedly failed to encase the gas pipes under the structure in accordance with specifications. In the Wallman case, defendant sought a reversal of his conviction of murder on the ground that he had been charged with the commission of the crime on October 13th (the day he struck the fatal blow) whereas death did not ensue until the following day. In holding that the contention was not meritorious, the court cited Revised Statutes 1063[2] and further observed that the date alleged was not erroneous because the time of the infliction of the mortal wound was the time the murderer's guilt attached and that "the death of the wounded is the result of the blow, the effect of an antecedent cause, * * *." In other words, the court held that it is proper to plead the date of the infliction of the mortal wound as the date of the murder, irrespective of whether death ensues on that date. To the same effect is State v. Hobbs, supra.
[26] But, in determining whether a statute is an ex post facto law, there is nothing in the Wallman and Hobbs cases which warrants the finding that the day on which a crime is consummated is not to be deemed as the date of the commission of the offense. On the contrary, consideration has only to be given to the case of State v. Taylor, 31 La. Ann. 851, which was decided later in the same year (1879) in which the Wallman case was adjudicated, to readily understand that the court did not intend that the ruling in the latter should be applied beyond matters of procedure. In the Taylor case, the defendant, having been convicted of manslaughter, was pleading the prescription of one year, Section 986, Revised Statutes, which he contended began to run from the infliction of the wound resulting in death and not from the date of death. In support of his contention he relied on the decision of State v. Wallman. In overruling the plea, the court said:
[27] "In `State v. Wallman (31 La.Ann. 146)', we said: that the death of the victim struck completes the crime of murder, or of manslaughter, but that it alone did not constitute the crime; that, unless death ensues, the felony is not murder or manslaughter, but another, a lesser offence.
[28] "How any part of this opinion can avail defendant, we are at a loss to imagine. Payne was shot and wounded by him on the 2nd of March. He died on the 15th of April, and his death completed a crime, which — until it occurred — was not a manslaughter, and which — before that date — could not, as such, have been made known to, investigated or prosecuted by a public officer."
[29] Accordingly, no offense can be said to be committed until it occurs. But, apart from this, it matters not in the instant case what date be considered as the date of the commission of the crime for, even if it be generously assumed that the offense occurred when the defendants failed to encase the gas pipes, the law punishing the negligent killing is still not ex post facto.[3] If the commission of the crime be regarded as antedating the passage of the Criminal Code, then defendants would undoubtedly have been amenable to the charge of manslaughter under Sections 785 and 786 of the Revised Statutes. The penalty for manslaughter under Section 786, is a fine not exceeding $2000 and imprisonment at hard labor not exceeding twenty years. Article 32 of the Criminal Code provides a penalty of imprisonment of not more than five years. Therefore, the statute decreases the penalty. It is only in cases where the penalty is increased that the law can be regarded as ex post facto.
[30] The justification of the majority for the holding that the law is nonetheless ex post facto, despite the fact that, but for the statute, the defendants were subject to a manslaughter charge, is that the defendants are sustaining a disadvantage under the charge of negligent homicide in that it is less difficult to obtain a conviction for the new offense than for the old crime of manslaughter. And, to support this view, the comment appearing in the footnotes to Article 32 is cited.
[31] It takes no more than a casual reading of the comment relied upon by the majority to demonstrate that, far from showing that Article 32 places the defendants at a disadvantage, the redactors of the Criminal Code regard the new offense as less severe than the former crime. The comment reads. "Thirty-four states now have negligent homicide statutes. A reason for the widespread enactment of these special statutes is the reluctance of juries to convict of manslaughter in cases of negligent killing. More convictions can be obtained under a special statute which carries less stigma and provides a lesser penalty. Riesenfeld. Negligent Homicide, (1936) 25 Cal.L.Rev. 1; * * *."
[32] If this comment can be construed in any light other than that above pointed out, it still should not be used as a determinative factor in deciding whether the statutes is expost facto as it merely expresses the opinion of the redactors. The test which I prefer to employ as a basis for my view to the contrary is that the law is not ex post facto because nothing (the elements of the offense, the rules of evidence or the penalty) has been changed to the detriment of the defendants.
[33] I respectfully dissent.
[1] Article 32 provides "Negligent homicide is the killing of a human being by criminal negligence."
[2] The section provides: "No indictment for any offense shall be held insufficient for omitting to state the time at which the offense was committed, unless, time be of its essence, nor for stating the time imperfectly, nor for stating the offence to have been committed on a day subsequent to the finding of the indictment, or on an impossible day, or on a day that never happened."
[3] It was well said a long time ago (1798) by Justice Chase, speaking for the Supreme Court of the United States: "But I do not consider any law ex post facto, within the prohibition, that mollifies the rigor of the criminal law; but only those that create, or aggravate, the crime; or increase the punishment, or change the rules of evidence, for the purpose of conviction." See Calder v. Bull, 3 Dall. 386, 1 L.Ed. 648.