WILLIAM PECCOLE, Petitioner, *v.* The Honorable FRANK McNAMEE, Presiding Judge of Department 1 of the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark, Respondent.

No. 3788

February 26, 1954.                                    267 P.2d 243.

*George E. Franklin,* and *Morse & Graves,* all of Las Vegas, for Petitioner.

*Roger D. Foley,* District Attorney and *George M. Dickerson,* Deputy District Attorney, both of Las Vegas, for Respondent.

## O P I N I O N

By the Court, BADT, J.:

The grand jury of Clark County charged the petitioner herein as follows:

"That the said defendant on or about the 20th day of August, 1951, at and within the County of Clark, State of Nevada, he being then and there an executive and/or administrative public officer, namely, a duly elected, qualified and acting member of the Board of Commissioners, the governing body of the City of Las Vegas, Clark County, Nevada, and he then and there knowing that James Pappas and Ernie Amante had pending before said governing body an application for a City gaming license for operation of a gaming establishment, to-wit: the 49'er Club, located at 109 Fremont Street in the City of Las Vegas, Clark County, Nevada, he the said William Peccole, did then and there wilfully, unlawfully, and feloniously ask the said James Pappas and Ernie Amante for a reward, to-wit, a ten per cent interest in the said gaming at said 49'er Club, upon an agreement and understanding that his official vote and action on the said application for a gaming license then pending before said governing body would be influenced thereby."

The charge was brought under sec. 9996, N.C.L.1929, reading as follows:

"Every executive or administrative officer or person elected or appointed to an executive or administrative office who shall ask or receive, directly or indirectly, any compensation, gratuity or reward, or any promise thereof, upon an agreement or understanding that his vote, opinion or action upon any matter then pending, or which may by law be brought before him in his official capacity, shall be influenced thereby; and every member of either house of the legislature of the state who shall ask or receive, directly or indirectly, any compensation, gratuity or reward, or any promise thereof, upon an agreement or understanding that his official vote, opinion, judgment or action shall be influenced thereby, or shall be given in any particular manner, or upon any particular side of any question or matter upon which he may be required to act in his official capacity; and every judicial officer, and every person who executes any of the functions of a public office not hereinbefore specified, and every person employed by or acting for the state or for any public officer in the business of the state, who shall ask or receive, directly or indirectly, any compensation, gratuity or reward, or any promise thereof, upon an agreement or understanding that his vote, opinion, judgment, action, decision or other official proceedings shall be influenced thereby, or that he will do or omit any act or proceeding or in any way neglect or violate any official duty, shall be punished by imprisonment in the state penitentiary for not more than ten years, or by a fine of not more than five thousand dollars, or by both."

The respondent district judge having denied petitioner's motion to dismiss the proceedings, this writ was sought to prohibit the trial of said charge, upon the ground that said section does not apply to a city commissioner and that the court was therefore without jurisdiction. The learned district judge held that the crime charged was embraced within that part of the

section providing that "every person who executes any of the functions of a public office not hereinbefore specified * * * who shall ask or receive, directly or indirectly, any compensation, gratuity or reward, or any promise thereof, upon an agreement or understanding that his vote, opinion, judgment, action, decision or other official proceedings shall be influenced thereby, or that he will do or omit any act or proceeding or in any way neglect or violate any official duty, shall be punished * * *" etc.[1]

Petitioner contends that the clause "and every person who executes any of the functions of a public office not hereinbefore specified" in reality "does not refer to officers at all, but to 'persons' executing the functions of a public office [and] is included to cover de facto officers, de jure officers who have not qualified, usurpers to office, or any person who for any reason is executing the functions of public office, though actually not an officer, [that] petitioner was not a person executing the functions of a public office; he was a duly elected, qualified, functioning city commissioner." The contention is not logical. As petitioner did not come within the classifications of officers first specified in the section, he was clearly included in the general clause as a person executing the functions of a public office not therein before specified. The same contention was made in People v. Jaehne, 103 N.Y. 182, 8 N.E. 374, 376; Jaehne

[1]Counsel for respondent contend before this court that petitioner may also be charged as an "executive or administrative officer" under this section, and under sections 1 and 16 of Chapter 2 of the charter of the City of Las Vegas, Stats. 1911, 145, constituting the board of commissioners the governing board of the city, and having supervision over all departments and constituting each commissioner an executive officer of his department. The learned district judge, however, held that under the provisions of sec. 16½, Stats. 1943, 219, and 1949, 229, all executive and administrative duties were vested in a city manager and the commissioners were to all intents and purposes stripped of all but legislative duties. In view of the conclusions reached herein, it becomes unnecessary for us to enter into a discussion of this point.

v. People of State of New York, 128 U.S. 189, 9 S.Ct. 70, 32 L.Ed. 398, under a statute quite similar to sec. 9996, N.C.L., and the court of appeals of that state held the precise words to be "of the most comprehensive meaning, intended, apparently, to include in this final provision all public officers within the state, of whatever character or grade, not included within the previous titles." The court said further: "It is plain that a member of the common council, or other municipal officer, is a person 'who executes the functions of a public office' and we cannot doubt that municipal officers are within the purview of section 72 [Penal Law, sec. 372]."

Petitioner contends that the legislative history of the New York section deprives the Jaehne case of any force as precedent. On the contrary, we consider that the legislative history of our sec. 9996 (which we do not find it necessary to trace) lends greater authority to the holding of the New York court.

Petitioner also contends that the later New York case of People v. Salomon, 212 New York 446, 106 N.E. 111, contains a contrary interpretation of the clause in question, but we do not so read it. It leaves the Jaehne case as direct authority for the sufficiency of the charge under sec. 9996 in the instant case.

Petitioner contends that he should have been charged under sec. 10015, N.C.L.1929, reading as follows:

"§ 10015. MISCONDUCT OF PUBLIC OFFICER. § 66. Every public officer who shall—

"1. Ask or receive, directly or indirectly, any compensation, gratuity or reward, or promise thereof, for omitting or deferring the performance of any official duty; or for any official service which has not been actually rendered, except in case of charges for prospective costs or fees demandable in advance in a case allowed by law; * * *.

"Shall be guilty of a gross misdemeanor, * * *."

That section patently covers misconduct other than that

with which petitioner is charged and his contention is without merit.

Our attention is called by petitioner to sec. 1147, N.C.L.1929, which is sec. 46 of the general act providing for the incorporation of cities, their government, etc. The section reads as follows:

"Any officer of the city or member of the city council who shall by himself or agent become a party to or in any way interested in any contract work or letting, under the authority of the city, or who shall, either directly or indirectly by himself or another, accept or receive any valuable consideration or promise for his influence or vote, shall be fined in any sum not exceeding one thousand dollars."

Petitioner concedes that the section is not applicable, as the city of Las Vegas was incorporated not under such general act but under a special legislative act. He points out the inconsistency of making bribery of a city councilman a misdemeanor in a city created under the general act but a felony in a city created by special act. The inconsistency is a real one but the contention addresses itself not to this court but to the legislature. Similar contentions were made in People v. Jaehne, supra, in response to which the court said that the general act "provides a uniform punishment, but gives to the court a discretion in applying it, within the limit prescribed, to meet the circumstances of the particular case."

The anomaly of the situation that would result if petitioner's contention were valid, becomes apparent. We have already found that sec. 10015 is not applicable and it is conceded that petitioner could not be charged under sec. 1147. If he may not be charged under sec. 9996, then he will entirely escape punishment for the acts charged by the grand jury if true.

It is finally contended that the charge in the indictment that petitioner feloniously asked "for a reward,

to-wit, a ten per cent interest in the said gaming at said 49'er Club" on petitioner's agreement that his official vote on the application for the gaming license would be influenced thereby, does not come within the application of the statute to such persons "who shall ask or receive, directly or indirectly, *any compensation, gratuity or reward, or promise thereof,*" upon such agreement. The premise of such contention is that the promise of the 10 percent interest in such gaming was not a thing of value, that it was illegal, against public policy, subject to prosecution under the penal laws of the state, incapable of enforcement without the prior consent of the Nevada Tax Commission, and utterly void. The cases cited by petitioner in support of this contention are for the most part under statutes that require the bribe to be "property" or "a thing of value." In People v. Willis, 54 N.Y.S. 52, 53, 24 Misc. 549, 13 N.Y.Cr. 343, the charge was sustained against a similar contention under a statutory application to an officer "who asks, receives or agrees to receive a bribe, or any money, property, or value of any kind, or any promise or agreement therefor * * *." The court said:

"The statute in terms includes a promise to pay, and such promise, whether verbal or written, is equally within the prohibition of the law. The fact that the notes were void because of the corrupt agreement under which they were given cannot avail the defendant. Public policy forbids the enforcement of a promise to pay a bribe, but no court has ever held that one exacting such a promise is therefore relieved of the penal consequences."

See also Schutz v. State, 125 Wis. 452, 104 N.W. 90. The contention is without merit.

As we find no merit in petitioner's contentions, the writ of prohibition must be denied, the alternative writ vacated and the proceedings dismissed. It is so ordered. Let remittitur issue forthwith.

EATHER, C. J., and MERRILL, J., concur.